Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| NILDA MERCEDES BURGOS COLÓN<br><br>Peticionaria<br><br>v.<br><br>AUTORIDAD DE ACUEDUCTOS Y ALCANTARILLADOS<br><br>Recurridos | TA2026RA00280 | REVISIÓN ADMINISTRATIVA procedente de la Autoridad de Acueductos y Alcantarillados<br><br>Caso núm.: 00-21428168-5<br><br>Sobre: Objeción a Cargos Facturados Ley Núm. 33, 27 junio 1985 |
|---|---|---|

Panel integrado por su presidente el juez Hernández Sánchez, el juez Rivera Torres y el juez Marrero Guerrero

**Rivera Torres, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 12 de junio de 2026.

Comparece ante este tribunal apelativo, la Sra. Nilda Burgos Colón (señora Burgos Colón o recurrente), mediante el recurso de *revisión judicial* de epígrafe solicitándonos que revisemos la *determinación final* emitida por la Autoridad de Acueductos y Alcantarillados (AAA o recurrida), el 5 de mayo de 2026, notificada el 11 de mayo. Mediante este dictamen, la agencia rechazó la *Solicitud de Reconsideración y Vista Administrativa* presentada por la recurrente al ser instada fuera de término.

Por los fundamentos que expondremos a continuación, desestimamos el recurso solicitado ante su presentación prematura. En consecuencia, dejamos sin efecto la paralización de los procedimientos.

### I.

Este caso tiene su génesis en la Querella núm. 000067877923 presentada por la señora Burgos Colón ante la AAA, mediante la cual objetó la factura núm. 001124391057 del 27 de febrero de 2026

por el consumo de $337.28.[1] La referida factura corresponde al período de 25 de noviembre de 2025 a 28 de enero de 2026. **Dicha querella fue suscrita por el representante legal de la señora Burgos Colón, el Lcdo. Francisco Ortiz Burgos.**

El 12 de marzo de 2026, la AAA emitió determinación en la cual estableció que el 11 de marzo se realizó una investigación de la lectura del contador y no se encontró deficiencias en las instalaciones realizadas por la corporación, por lo que se reafirmó en que los cargos imputados eran correctos.[2]

El 30 de marzo de 2026, en desacuerdo con lo determinado, la señora Burgos Colón, **a través de su representante legal**, instó solicitud de reconsideración y vista administrativa.[3]

El 5 de mayo de 2026, notificada el 11 de mayo siguiente, la AAA emitió la determinación final impugnada en la que desestimó la solicitud de reconsideración y vista administrativa presentada por la recurrente y recibida por la agencia el 30 de marzo de 2026.[4] Ello, por entender que fue presentada fuera del término establecido en ley. A su vez, la corporación pública expresó que:

> Debido a ello, el proceso administrativo ante la Autoridad concluyó. Por tanto, los cargos facturados proceden y en caso de no recibir el pago del balance adeudado, la Autoridad podrá suspender el servicio en cualquier momento. El balance actual de su cuenta es $2,085.22.

Todavía inconforme, la señora Burgos Colón acude ante esta *Curia* imputándole a la AAA haber incurrido en los siguientes errores:

> ERRÓ LA AUTORIDADAD DE ACUEDUCTOS Y ALCANTARILLADOS (AAA) AL RECHAZAR LA SOLICITUD DE RECONSIDERACIÓN Y VISTA ADMINISTRATIVA EN EL TRÁMITE DE LA QUERELLA (000067877923), ADUCIENDO ERRÓNEAMENTE QUE LA SOLICITUD DE RECONSIDERACIÓN SE PRESENTÓ "TRANSCURRIDO EL TÉRMINO DE DIEZ (10) DIAS QUE TENÍA PARA ELLO".

---

[1] Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC TA), Entrada núm. 1, Anejo 32.
[2] *Íd.*
[3] *Íd.*, Anejo 33.
[4] *Íd.*, Anejo 1.

ERRÓ LA AUTORIDAD DE ACUEDUCTOS Y ALCANTARILLADOS (AAA) AL DICTAMINAR QUE ...” EL PROCESO ADMINISTRATIVO ANTE LA AUTORIDAD CONCLUYÓ”, DISPONIENDO EL PAGO DE LA TOTALIDAD DE LOS CARGOS OBJETADOS POR LA RECURRENTE, NO EN UN SOLO TRÁMITE DE QUERELLA, SINO RESULTANTES DE MÚLTIPLES TRÁMITES ADMINISTRATIVOS INDEPENDIENTES.

ERRÓ LA AUTORIDAD DE ACUEDUCTOS Y ALCANTARILLADOS (AAA) AL INFRINGIR EL DEBIDO PROCESO DE LEY, AL INCUMPLIR CON EL PROCEDIMIENTO QUE DISPONE LA LEY 33 DE 27 DE JUNIO DE 1985, LEY PARA ESTABLECER REQUISITOS PROCESALES MÍNIMOS PARA LA SUSPENSIÓN DE SERVICIOS PÚBLICOS ESENCIALES.

ERRÓ LA AUTORIDAD DE ACUEDUCTOS Y ALCANTARILLADOS (AAA) AL CONVERTIR EL TRÁMITE DISPUESTO EN LA LEY 33 (SUPRA), EN UN TRÁMITE PROFORMA, CARENTE DE GARANTÍAS DE IMPARCIALIDAD EN EL PROCESAMIENTO Y ADJUDICACIÓN DE LAS OBJECIONES SOMETIDAS POR LA RECURRENTE AL AMPARO DE DICHA LEY.

El 28 de mayo de 2026, junto a la presentación del recurso de revisión judicial, la recurrente presentó *Moción en Auxilio de Jurisdicción: Solicitud de Orden de Paralización,*[5] en la que nos solicitó que paralizáramos la orden para cortar los servicios de acueductos y alcantarillados. Ese mismo día, declaramos *Ha Lugar* la solicitud en auxilio de jurisdicción, ordenando la paralización de los procedimientos y concedimos término a la AAA para certificar si la determinación recurrida fue debidamente notificada al representante legal de la señora Burgos Colón, licenciado Ortiz Burgos, según las exigencias de ley.

El 8 de junio de 2026, la AAA presentó *Moción en Cumplimiento de Resolución* en la que, mediante certificación, admitió no haber notificado la determinación final del 5 de mayo[6] al licenciado Ortiz Burgos. Por lo que, nos damos por cumplidos.

Examinado el recurso y el expediente apelativo, así como la *Moción en Cumplimiento de Resolución,* prescindimos de la comparecencia de la parte recurrida, según nos faculta la Regla 7(B)(5) de nuestro Reglamento, según enmendado, *In re Aprob.*

---

[5] SUMAC TA, Entrada núm. 2.
[6] Notificada el 11 de mayo de 2026.

*Enmdas. Reglamento TA,* 2025 TSPR 42, pág. 15, 215 DPR \_\_\_, (2025).

**II.**

Los tribunales debemos ser celosos guardianes de nuestra jurisdicción, estando obligados a considerarla aun en ausencia de algún señalamiento al respecto de las partes. La razón para ello es que la jurisdicción delimita la potestad o facultad que los tribunales poseemos para atender una controversia ante nuestra consideración. Tal asunto debe ser resuelto con preferencia porque de carecer de jurisdicción para atenderlo, lo único que corresponde hacer es así manifestarlo. *Constructora Estelar v. Aut. Edif. Púb.,* 183 DPR 1, 22 (2011); *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 883 (2007). El no tener la potestad para atender un asunto no puede ser corregido ni atribuido por el tribunal. *Constructora Estelar, S.E. v. Aut. Edificios Públicos,* supra.

En aquellas instancias en las que un ente adjudicador dicta una sentencia sin ostentar jurisdicción en la persona o en la materia, su determinación es "jurídicamente inexistente". *Maldonado v. Junta Planificación,* 171 DPR 46, 55 (2007). De ahí que, cuando un foro adjudica un recurso sobre el cual carece de jurisdicción para entender en este, ello constituye una actuación ilegítima, disponiéndose que cuando la ley expresamente proscribe asumir jurisdicción, no existe una interpretación contraria. *Íd.*

De otro lado, un tribunal carece de jurisdicción para adjudicar una controversia cuando se presenta un recurso de forma prematura. Un recurso prematuro es aquel presentado en la secretaría de un tribunal <u>antes de que el asunto esté listo para su adjudicación</u>. De tal forma, un recurso prematuro, al igual que uno tardío, adolece del grave e insubsanable defecto de falta de jurisdicción y tiene que ser desestimado. *Padilla Falú v. A.V.P.,* 155 DPR 183, 192 (2001); *Rodríguez v. Zegarra,* 150 DPR 649, 654 (2000).

Su presentación carece de falta de eficacia y no produce ningún efecto jurídico, pues en el momento de su presentación un foro apelativo no tiene autoridad judicial para acogerlo; menos para conservarlo con el propósito de luego reactivarlo en virtud de una moción informativa. *Juliá et al v. Epifanio Vidal, S. E.*, 153 DPR 357, 366 (2001).

Como corolario de lo antes expuesto, el Reglamento del Tribunal de Apelaciones dispone en la Regla 83, *supra,* a la pág. 115, lo siguiente:

> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
>
> > (1) que el Tribunal de Apelaciones carece de jurisdicción;
> > (...)
>
> (C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.

De otra parte, la Sección 3.14 de la Ley núm. 38-2017 conocida como *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAUG), según enmendada, 3 LPRA sec. 9654, establece sobre las órdenes o resoluciones finales, y en lo aquí pertinente, lo siguiente:

> Una orden o resolución final deberá ser emitida por escrito dentro de noventa (90) días después de concluida la vista o después de la presentación de las propuestas determinaciones de hechos y conclusiones de derecho, a menos que este término sea renunciado o ampliado con el consentimiento escrito de todas las partes o por causa justificada.
>
> ...
>
> **La agencia deberá notificar con copia simple por correo ordinario o electrónico a las partes, y a sus abogados de tenerlos,** la orden o resolución a la brevedad posible, y deberá archivar en autos copia de la orden o resolución final y de la constancia de la notificación. **Una parte no podrá ser requerida a cumplir con una orden final a menos que dicha parte haya sido notificada de la misma**. (Énfasis nuestro)

De otro lado, la Regla 57 del Reglamento del Tribunal de Apelaciones, *supra,* a la pág. 79, establece un **término jurisdiccional de treinta (30) días para presentar un recurso de**

**revisión judicial, contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final del organismo o agencia**.

Ahora bien, el requisito de notificación, como parte del debido proceso de ley, es indispensable para que nuestros tribunales puedan comenzar a contar el término para recurrir la determinación y adquirir jurisdicción. De manera que, se requiere que la notificación de las órdenes, resoluciones y sentencias **sea de forma adecuada y conforme a derecho.** *Berríos Fernández v. Vázquez Botet*, 196 DPR 245, 250 (2016). Ello es así, ya que la falta de una notificación adecuada de cualquier resolución, orden o sentencia afecta el derecho de una parte a recurrir la resolución, orden o sentencia dictada, **enervando así las garantías del debido proceso de ley**. *Caro v. Cardona*, 158 DPR 592, 599 (2003); *Falcón Padilla v Maldonado Quirós*, 138 DPR 983, 990 (1995).

### III.

Conforme con los pronunciamientos antes vertidos, nos corresponde, en primera instancia, previo a entrar a considerar los méritos del recurso, atender el asunto relativo a la jurisdicción debido a que el mismo debe ser resuelto con preferencia a cualquiera otra cuestión, incluso cuando no haya sido levantado por ninguna de las partes.

Del trámite procesal antes indicado surge que, desde el comienzo de los trámites ante la agencia para impugnar la factura núm. 001124391057 del 27 de febrero de 2026 por el consumo de $337.28, la señora Burgos Colón ha comparecido a través de su representante legal, el Lcdo. Francisco Ortiz Burgos. Así, según lo establecido por el Artículo 3.14 de la LPAUG, *supra*, las determinaciones y comunicaciones de la agencia tienen que ser remitidas, también, a su abogado. En el caso ante nos, la determinación final de la agencia le fue notificada únicamente a la

señora Burgos Colón y no así a su abogado, incumpliéndose con lo dispuesto diáfanamente en la Sección 3.14 de la LPAUG en donde se mandata expresamente que la agencia enviará la notificación final a todas las partes y sus abogados, de tenerlos.

Al respecto, el 28 de mayo de 2026, emitimos *Resolución* concediendo término a la agencia para indicar si la determinación de la agencia había sido notificada al licenciado Ortiz Burgos como representante legal de la señora Burgos Colón. El 8 de junio, la AAA presentó *Moción en Cumplimiento de Resolución* en la que, mediante certificación suscrita por el Asesor Técnico de Servicio al Cliente de la Autoridad, Sr. José Velázquez Zayas, reconoció no haber notificado la determinación final del 5 de mayo, y notificada el 11 de mayo, al licenciado Ortiz Burgos. Ello, contrario a lo establecido en la Sección 3.14 de la LPAUG, *supra,* respecto a notificar con copia simple por correo ordinario o correo electrónico a las partes y a sus representantes legales, de tenerlos.

Corolario de lo anterior, apuntalamos que el Artículo 7.11 del Reglamento núm. 9801, *Reglamento sobre el Uso de los Servicios de Acueducto y Alcantarillado Sanitario de Puerto Rico*, promulgado el 27 de enero de 2017, incide al no establecer el deber de notificar al representante legal de la parte que haya comparecido con abogado. Es harto conocido que, una vez aprobada la LPAUG, las agencias vienen obligadas a conducir sus procedimientos de conformidad con la ley de procedimientos uniforme. *Perfect Cleaning v. Cardiovascular*, 162 DPR 745, 757 (2004). Añadimos, que el más Alto Foro ha resuelto que las disposiciones de la LPAUG prevalecen sobre toda regla de una agencia, en particular, aquellas que sean contrarias a la LPAUG. *Perfect Cleaning v. Cardiovascular*, supra; *Pagán Ramos v. F.S.E.*, 129 DPR 888, 902 (2004). De manera que, una agencia, en su labor cuasilegislativa, no puede exceder las facultades establecidas en ley. Por ello, la AAA tiene el deber de

actualizar sus reglamentos para que vayan acorde a lo establecido en su ley orgánica y la LPAUG.

Por su parte, es un principio reiterado que una notificación defectuosa impide que comience a transcurrir el término para recurrir de cualquier determinación final, ya sea judicial o administrativa. *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 502 (2019).

Así pues, la falta de una notificación adecuada afecta el derecho de la parte que no está conforme y desea cuestionar el dictamen y, por ende, debilita el debido proceso de ley. *Río Const. Corp. v. Mun. de Caguas*, 155 DPR 394, 405-406 (2001). Al respecto, la más alta *Curia* en *Torres Alvarado v. Madera Atiles*, supra, dictaminó que:

> [U]na notificación defectuosa puede conllevar graves consecuencias, demoras e impedimentos en el proceso judicial, así como crear un ambiente de incertidumbre sobre cuándo comienza a transcurrir el término para acudir a un tribunal de mayor jerarquía para revisar el dictamen recurrido. *Íd.*, pág. 502.

Entiéndase que la correcta y oportuna notificación de una decisión final, sea judicial o administrativa, es un requisito *sine qua non* del debido proceso de ley. De lo contrario, se crea incertidumbre sobre cuándo comienzan los términos para incoar los remedios post dictamen, entre otras graves consecuencias y demoras. *Dávila Pollock et al v. R. F. Mortgage*, 182 DPR 86, 94 (2011). Hasta que no se notifique adecuadamente la orden o resolución final, la misma no surtirá efecto y los distintos términos para solicitar los mecanismos procesales posteriores o la revisión judicial del dictamen que de ella nacen no comienzan a transcurrir. *Maldonado v. Junta de Planificación*, supra, a la pág. 58.

Asimismo, como mencionamos, un recurso prematuro es aquel presentado en la secretaría de un tribunal antes de que el asunto esté listo para su adjudicación y por ello, adolece del grave e

insubsanable defecto de falta de jurisdicción y tiene que ser desestimado. Por otra parte, este tribunal no puede conservar o retener un recurso que es prematuro, con el propósito de luego activarlo cuando esté maduro. *Rodríguez v. Zegarra*, supra. Así pues, precisa advertir que no tenemos discreción para asumir jurisdicción donde no la hay. Debido a que la falta de jurisdicción no puede ser subsanada, ni el tribunal puede arrogársela de esta no existir, solo nos resta desestimar la acción ante nuestra consideración. *González v. Mayagüez Resort & Casino*, 176 DPR 848, 856 (2009); *García v. Hormigonera Mayagüezana*, 172 DPR 1, 7 (2007).

Así pues, recalcamos que una notificación defectuosa impide que esta *Curia* adjudique la decisión administrativa recurrida, toda vez que el término jurisdiccional de revisión no ha comenzado a decursar. Es decir, el recurso apelativo resulta prematuro y como foro revisor carecemos de jurisdicción para atenderlo. Por lo que, procede desestimar el recurso.

En consecuencia, **la AAA deberá notificar a la recurrente y a su representante legal, a la brevedad posible, nuevamente la determinación final según exige el ordenamiento jurídico**.

**IV.**

Por los fundamentos antes expuestos, desestimamos el recurso por falta de jurisdicción ante su presentación prematura. En consecuencia, dejamos sin efecto la paralización de los procedimientos.

**Notifíquese inmediatamente.**

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones